## Simpson *v.* Williams.

*Bill in Equity for Specific Performance of Contract.*

1. *Construction of title-bond.*—Under a stipulation in a bond for title, by which the vendor agrees, if the purchaser "should die *before the last payment is made,* and his wife is not able to pay the land out, to allot to her, by disinterested parties, the value of whatever amount has been paid on said land according to the within agreement," the right of the purchaser's widow to an allotment of the land *pro tanto* is dependent upon his death without having made the last payment, and is not restricted to the contingency of his death before the day appointed for the last payment and its non-payment on or before that day.

APPEAL from the Chancery Court of Morgan.

Heard before the Hon. THOMAS COBBS.

The bill in this case, in the nature of a bill for the specific performance of a contract, was filed on the 26th February, 1883, by Susan E. Williams, the widow of William S. Williams, deceased, against Stephen Simpson; and sought to compel an allotment to her of a portion of a tract of land, which her husband had bought from said Simpson, according to a stipulation contained in the bond for title. The contract of sale was made in July, 1874. The tract of land contained 160 acres; and the agreed price was $2,100, payable in three equal annual installments, on the 25th December, 1874, 1875, and 1876, respectively, for which the purchaser executed his three promissory notes. The bond for title, which was made an exhibit to the bill, recited the terms of the contract as to the payment of the purchase-money, and then proceeded thus: "Now, if the said notes are paid in full, I bind myself, my heirs and assigns, to make a *bona-fide* title to the above described lands to the said William S. Williams, or his legal representative. I further agree, if the said Wm. S. Williams should die before the last payment is made, and his wife is not able to pay the land out, to allot to her, by disinterested parties, the value of whatever amount has been paid on said land, according to the within sale of land. Witness my hand," &c. The purchaser was put in possession of the land under this contract, and died in posses-

[Simpson v. Williams.]

sion in July, 1881, having paid the two notes first falling due, but leaving the last unpaid. The complainant alleged in her bill that her husband died intestate, leaving no estate, and owing, no debts; that she was unable to complete the payment of the purchase-money for the land, and had notified the defendant of her inability to do so, and claimed an allotment of the land, *pro tanto*, according to the stipulations of the bond; and that he refused to make any allotment, and denied that she had any right or claim to the land under the contract.

The defendant demurred to the bill for want of equity, specially assigning as grounds of demurrer—1st, that the purchaser died, according to the allegations of the bill, long after the last note had become due, and had forfeited his right to enforce the contract; 2d, that no breach of the title-bond was shown; 3d, that the complainant showed no right to enforce the contract. The chancellor overruled the demurrer on these several grounds, and his decree is now assigned as error.

D. P. LEWIS, for appellant.—The right to enforce an allotment of the land, according to the stipulations of the title-bond, was made dependent on the purchaser's death not having paid the last note at maturity, and the widow's inability to pay it. The bill shows that the purchaser lived four or five years after the last note became due and payable, and never made or tendered payment of it, thereby forfeiting any right to enforce the contract. It shows, also, that the widow was able to complete the payments, if she desired to do so; since she alleges that her husband left no debts, and shows that he had a two-thirds interest in the land, having paid two of the notes.

W. P. CHITWOOD, *contra*, cited *Carver v. Eads*, 65 Ala. 190; 1 Brick. Digest, 695, §§ 811–2; *Ib.* 386, § 162.

SOMERVILLE, J.—The decree of the chancellor overruling the demurrer to the complainant's bill, which is for specific performance, is, in our judgment, entirely free from error. The last clause of the bond for title, which is the only matter of contention, was correctly construed by the court. The obvious purpose of its insertion was for the benefit of the vendee, whose aim was to secure so much of the land as he paid for, *pro tanto*, for the benefit of his wife, in the event of his dying before paying all of the purchase-money contracted to be paid by him. The language of the clause is: "I further agree, if the said Wm. S. Williams should *die before the last payment is made*, and his wife is not able to pay the land out, *to allot to her*, by disinterested parties, *the value of whatever amount has been paid on said land* according to the within agreement." To

[Wing v. Roswald.]

our aprehension, this language presents no ambiguity. It is not susceptible of the construction contended for, that no allotment *pro tanto* was to be made to the surviving wife, unless the husband died before the last payment was *agreed* to be paid. This would defeat the obvious intent of the parties, and be repugnant at the same time to the letter of the contract.

The decree is affirmed.